UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00867 GAF (OPx) | Date | June 22, 2011 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Dwayne L. Hammond et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

## ORDER REMANDING CASE

Plaintiff Federal National Mortgage Association ("Fannie Mae") filed this unlawful detainer action against Defendants Dwayne L. and Marcia M. Hammond in Riverside County Superior Court on May 11, 2011. (Docket No. 1, Not. of Removal, Ex. 1 [Compl.].) Javier Montes and Luz Valdez ("Tenants") later joined the action as defendants, claiming to be the Hammonds' "bona fide residential tenants" and contesting Fannie Mae's right to evict them from the foreclosed property. (Not. ¶¶ 3, 17.) On June 3, 2011, Tenants removed the action to this Court on the purported basis of federal-question jurisdiction. (Not. ¶ 5.)

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). Thus, a court may remand a case sua sponte for lack of subject matter jurisdiction. Scofield v. Ball, No. 11-0378, 2011 WL 830104, at *1 (S.D. Cal. Mar. 4, 2011) (citing Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984)).

When a case is removed, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00867 GAF (OPx) | Date | June 22, 2011 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Dwayne L. Hammond et al. | | |

Removal is proper only if the Court could have exercised jurisdiction over the action had it originally been filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Generally speaking, the two ways a party may bring a case within the jurisdiction of the federal courts are: (1) diversity of citizenship under 28 U.S.C. § 1332; and (2) federal question under 28 U.S.C. § 1331. William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:2, at 2A-1 (2006). Neither basis for jurisdiction is present in this case. Removing Tenants also have not identified, and the Court does not perceive, any other basis for federal jurisdiction over this case.

### 1. *Federal Question*

Tenants contend that this action presents a federal question, and thus that federal-question jurisdiction exists pursuant to 28 U.S.C. § 1331. (Not. ¶ 5.) The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented **on the face of the plaintiff's properly pleaded complaint.**" Caterpillar, 482 U.S. at 392 (emphasis added). A federal defense does not give rise to federal-question jurisdiction. Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983). Fannie Mae's complaint states a single claim for unlawful detainer under California law. (Compl. at 1.) An unlawful detainer action does not arise under federal law. See Indymac Federal Bank, F.S.B. v. Ocampo, No. 09-2337, 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (finding no subject matter jurisdiction where complaint stated only an unlawful detainer claim). Therefore, it does not appear that this case presents a federal question.

Tenants, however, argue that the federal Protecting Tenants at Foreclosure Act of 2009 ("PTFA") preempts state law with respect to the eviction of bona fide residential tenants following a foreclosure sale. (Id. ¶ 6.) According to Tenants, "[i]t is impossible to evict a bona fide residential tenant of a foreclosed landlord in California under State law, since the cause of action is purely a Federal one in ejectment." (Id.) Tenants allege that Fannie Mae has "sought to avoid [PTFA protections] by filing the action as an 'unlawful detainer' under State law by artful pleading." (Id. ¶ 8.) In other words, Tenants appear to contend that Fannie Mae has artfully pled its unlawful detainer cause of action to avoid stating a federal claim.

"[U]nder the artful pleading rule a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." Arco Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of Mont., 213 F.3d 1108, 1114 (9th Cir. 2000) (internal quotations omitted). "Since its first articulation . . . courts have used the artful pleading doctrine in: (1) complete

JS - 6
LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00867 GAF (OPx) | Date | June 22, 2011 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Dwayne L. Hammond et al. | | |

preemption cases and (2) substantial federal question cases." Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003) (internal citations omitted).

"Preemption gives rise to federal question jurisdiction only when an area of state law has been completely preempted by federal law." Perez v. Nidek Co. Ltd., 657 F. Supp. 2d 1156, 1161 (S.D. Cal. 2009). Under the complete preemption doctrine, a federal statute "confers exclusive federal jurisdiction in certain instances where Congress intended the scope of a federal law to be so broad as to entirely replace any state-law claim." Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 945 (9th Cir. 2009). The complete preemption doctrine does not have wide applicability and is considered a narrow exception to the well-pleaded complaint rule. Holman v. Laulo-Rowe Agency, 994 F.2d 666, 668 (9th Cir. 1993). In fact, the Supreme Court has recognized complete preemption in only three areas: (1) claims falling under section 301 of the Labor Management Relations Act; (2) claims falling under the Employment Retirement Income Security Act's civil enforcement scheme; and (3) claims alleging a present right to possession of Indian tribal lands. Robinson v. Mich. Consol. Gas Co. Inc., 918 F.2d 579, 585 (9th Cir. 1990). The PTFA is not a recognized area of complete preemption, and Tenants have made no argument convincing the Court that the PTFA completely preempts state-law unlawful detainer claims. The complete preemption doctrine thus does not give rise to federal question jurisdiction in the present action.

This case does not contain claims presenting a substantial federal question that would give rise to federal question jurisdiction either. If a complaint asserts only state-law claims, a federal court may still have federal question jurisdiction over the dispute if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Rains v. Criterion Sys. Inc., 80 F.3d 339, 345 (9th Cir. 1996). Tenants suggest that proving compliance with the PTFA is a necessary element of the unlawful detainer claim, but this is incorrect. State law does not make compliance with the PTFA an element of an unlawful detainer cause of action, and Tenants must raise non-compliance with the federal statute as a defense to that claim. It is well established that a federal defense does not support federal question jurisdiction. Franchise Tax Bd., 463 U.S. at 14.

For these reasons, Tenants have not established that Fannie Mae artfully pleaded its claim. Accordingly, the Court lacks federal question jurisdiction over this state-law unlawful detainer action.

   *2. Diversity Jurisdiction*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00867 GAF (OPx) | Date | June 22, 2011 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Dwayne L. Hammond et al. | | |

The Court also lacks jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Federal courts have jurisdiction on the basis of diversity of citizenship where the matter is between citizens of different states and the amount in controversy exceeds $75,000, not including interest and costs. 28 U.S.C. § 1332(a). Even if Fannie Mae and Tenants are citizens of different states, the amount in controversy does not exceed $75,000. The face of the complaint states that the demand does not exceed $10,000. (Compl. at 1.)

Furthermore, it is likely that Tenants are citizens of California since it appears that they continue to occupy the subject property in Perris, California (Not. ¶¶ 1, 17). See Marroquin v. Wells Fargo, LLC, No. 11-163, 2011 WL 476540, *1 (S.D. Cal. Feb. 3, 2011) ("[P]lace of residence is prima facie the domicile."). Diversity jurisdiction therefore does not exist under 28 U.S.C. § 1441(b), which permits removal based on diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

For these reasons, the Court lacks jurisdiction on the basis of diversity of citizenship.

### 3. *Jurisdiction Based on Fannie Mae's Participation in the Suit*

Certain federal agencies' charters provide that federal courts will have original jurisdiction over suits involving those agencies. See, e.g., 12 U.S.C. § 1452(f) ("[A]ll civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value."). Fannie Mae's charter, however, does not. Fannie Mae's charter authorizes it "to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1723a(a). As discussed in Federal National Mortgage Association v. Sandoval, courts have split on whether this provision confers federal jurisdiction in cases involving Fannie Mae. Fed. Nat'l Mortg. Ass'n v. Sandoval, No. 11-0139, 2011 WL 976708, *2 (E.D. Cal. Mar. 16, 2011).

The Court is more persuaded by the cases holding that Fannie Mae's charter does not create federal jurisdiction in cases involving Fannie Mae. As those courts have reasoned, the phrase "of competent jurisdiction" means that the court must have an independent basis for jurisdiction, not that Fannie Mae's charter conveys jurisdiction on any court. See id. at *2–3. "'To conclude [otherwise] . . . would effectively eliminate the phrase 'of competent jurisdiction' from the charter.'" Id. at *2 (quoting Knuckles v. RBMG, Inc., 481 F. Supp. 2d 559, 563 (S.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-00867 GAF (OPx) | Date | June 22, 2011 |
|---|---|---|---|
| Title | Federal National Mortgage Association v. Dwayne L. Hammond et al. | | |

W. Va. 2007)). Thus, Fannie Mae's presence in this suit does not create a basis for federal jurisdiction.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction in this case. The Court therefore **REMANDS** this action to Riverside County Superior Court.

**IT IS SO ORDERED.**